UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS ALBERTO NAVA,

               Petitioner,              Case No. 1:14-cv-1317

v.                                       Honorable Robert Holmes Bell

CATHERINE S. BAUMAN,

               Respondent.
_____/

## OPINION

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**<u>Factual Allegations</u>**

Petitioner Carlos Alberto Nava presently is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility.  Petitioner was convicted by a jury in the Ottawa County Circuit Court of three counts of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b(1)(a).  Additionally, before trial, Petitioner pleaded *nolo contendere* to one count of third-degree CSC, MICH. COMP. LAWS § 750.520d(1)(a).  On March 19, 2012, Petitioner was sentenced to prison terms of 6 to 15 years for the third-degree CSC conviction, 15 to 50 years for one of the first-degree CSC convictions and 25 to 50 years for the other two first-degree CSC convictions.[1]

Petitioner appealed his convictions to the Michigan Court of Appeals which affirmed the judgment in a *per curiam* opinion issued on April 18, 2013.  Petitioner filed an application for leave to appeal in the Michigan Supreme Court which was denied on December 23, 2013.  Petitioner timely filed the instant action raising the same grounds for relief that he raised in the courts of appeal:

   I.   THE APPLICATION OF A MANDATORY MINIMUM OF 25 YEARS TO MR. NAVA – WITHOUT THE POSSIBILITY OF PAROLE – IS A [SIC] DISPROPORTIONATE AND THUS IS A VIOLATION OF HIS MICHIGAN AND FEDERAL CONSTITUTIONAL RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

   II.  THE MICHIGAN LEGISLATURE'S CONSTRUCTION OF A MANDATORY MINIMUM SENTENCING REGIME THAT ALLOWS FOR NO JUDICIAL DISCRETION OR FLEXIBILITY IN APPLICATION IS A VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS OF THE MICHIGAN CONSTITUTION.

Am. Pet., docket #4-1, Page ID# 55.

---

[1]Petitioner received different sentences on his first-degree criminal sexual conduct convictions because his first offense took place before the amendment of MICH. COMP. LAWS § 750.520b and the other two offenses took place after the amendment.  After amendment, § 750.520b  required a mandatory minium sentence of 25 years.

**Discussion**

The Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, __S. Ct. __, 2014 WL 4956764, at *3 (Oct. 6, 2014); *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1706-07 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784 (2011)).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 131 S. Ct. at 784; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo*

review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 131 S. Ct. at 785 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## A.   Eighth Amendment Violation

Petitioner received a mandatory minimum sentence of 25 years without the possibility of parole for two of his first-degree CSC convictions. Petitioner claimed in state court that the mandatory minimum sentence was disproportionate to his offense, thereby violating the Eighth Amendment's prohibition against inflicting cruel and unusual punishment.

To the extent Petitioner argues that his sentence was disproportionate under state law he fails to raise a cognizable habeas claim. In *People v. Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing

punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d, 9-10 (Mich. 1988); *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). Petitioner does not dispute that he was sentenced within the statutory limits under Michigan law. *See* MICH. COMP. LAWS § 750.520b(2)(b). Rather, he argues that the statutorily-prescribed sentence, itself, violates the Michigan Constitution's prohibition against cruel or usual punishment under the framework established by the Michigan Supreme Court in *People v. Bullock*, 485 N.W.2d 866 (Mich. 1992). Petitioner makes this argument despite acknowledging that the Michigan Court of Appeals has already considered and rejected it. *See People v. Benton*, 817 N.W.2d 599 (Mich. App. 2011). Nevertheless, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *Bradshaw v. Richey*, 546 U.S. 74-76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner's argument that his sentence violates the Michigan constitution is not cognizable in a habeas corpus action.

With respect to Petitioner's Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily,

"[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment. Consequently, Petitioner's Eighth Amendment claim is meritless.

### B. Separation of Powers

Petitioner also claims that the mandatory-minimum sentence required by § 750.520b(2)(b) violates the separation of powers doctrine set forth in the Michigan Constitution because it removes all sentencing discretion from the trial court by requiring the trial court to impose a mandatory-minimum sentence of 25 years even where, as here, the defendant is a first time offender.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. The separation of power between the state legislature and the state judiciary is solely a matter of state law. A federal court may not grant habeas relief based on "a perceived error of state law." *Pulley*, 465 U.S. at 41; *see also Austin*, 213 F.3d 298, 302 (6th Cir. 2000). Consequently, Plaintiff fails to state a cognizable federal claim.

To the extent Petitioner intends to claim that the separation of powers between the state legislature and the state judiciary somehow violates the separation of powers doctrine in the United States Constitution, he fails to state a claim because the federal separation of powers doctrine

does not apply to state actions. *See Sweezy v. New Hampshire*, 354 U.S. 234, 254 (1957) ("[T]his Court has held that the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments."); *see also Sturdivant v. White*, No. 04–74709, 2006 WL 1521924, at *4 (E.D. Mich. May 30, 2006) (concluding that petitioner's habeas corpus claim based on the federal separation of powers doctrine is not cognizable because the doctrine is not mandatory in state governments).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>April 16, 2015</u>                                  <u>/s/ Robert Holmes Bell</u>
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE